IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CANAAN HARRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-0753 |
| | § | |
| ALLSTATE TEXAS LLOYD'S | § | |
| and JERAMY BUTLER WILEY, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Canaan Harris brings this action against Allstate Texas Lloyd's ("Allstate") and Jeramy Butler Wiley alleging violations of the Texas Insurance Code, breach of contract, common law fraud, and breach of the duty of good faith and fair dealing concerning the defendants' handling of Harris's insurance claim for property damage sustained during Hurricane Ike in 2008. Pending before the court is Plaintiff's Motion to Remand (Docket Entry No. 6), which argues that removal on diversity grounds was improper because Harris and defendant Wiley are both residents of Texas. For the reasons explained below, the court will grant Harris's motion to remand.

## I.   Factual and Procedural Background

This action concerns a dispute over a Hurricane Ike insurance claim. On September 13, 2008, Hurricane Ike struck southeast Texas

and damaged Harris's residence at 21 Harbour Drive in Houston.[1] Harris is an individual who resides in Texas.[2]   The damaged property was insured by Allstate.[3]   Allstate is an association of underwriters whose individual underwriters are all residents and citizens of the states of Illinois and Virginia.[4]   After the hurricane Harris made a claim on the insurance policy for roof damage, water damage, wind damage, foundation damage, and structural damage to the property.[5]   ASIC assigned Wiley to adjust the claim.[6]   Wiley is an individual who resides in Texas.[7]

A dispute arose between the parties over Allstate's handling of the claim, and on January 20, 2010, Harris filed this action in Harris County District Court.[8]   Also on that date Harris's attorney sent a demand letter to Allstate and Wiley alleging that their actions had violated the Texas Insurance Code, and stating that Harris seeks $384,100 in economic damages, as well as $50,000 in

---

[1]Plaintiff's Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1, ¶¶ 10-12.

[2]Id. ¶ 2.

[3]Id. ¶ 9.

[4]Notice of Removal, Docket Entry No. 1, ¶ 2.

[5]Plaintiff's Original Petition, Exhibit B attached to Notice of Removal, Docket Entry No. 1, ¶¶ 13-14.

[6]Id. ¶ 15.

[7]Id. ¶ 4.

[8]Plaintiff's Original Petition, Exhibit B attached to Notice of Removal, Docket Entry No. 1, p. 1.

mental anguish damages and $154,640 in expenses and attorney's fees.[9]  On March 8, 2010, Allstate removed the action to this court on the basis of diversity jurisdiction (Docket Entry No. 1). Allstate alleges that there is complete diversity of parties, despite the fact that both Harris and Wiley are citizens of Texas, because Wiley was fraudulently joined, and therefore his citizenship should be disregarded for diversity purposes.[10]

On April 7, 2010, Harris moved to remand, arguing that Wiley was properly joined as a defendant (Docket Entry No. 6).  Allstate filed a Response on April 20, 2010 (Docket Entry No. 9), and Harris filed a Reply on April 22, 2010 (Docket Entry No. 10).  The issue before the court is whether Wiley, a Texas citizen, was properly joined in the lawsuit, thereby defeating diversity jurisdiction.

## II.  **Applicable Law**

### A.  **Standard of Review**

A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed.  28 U.S.C. § 1441.  The removing party bears the burden of establishing that a state court suit is properly removable to federal court.  See Delgado v. Shell Oil Co., 231 F.3d 165, 178 n.25 (5th Cir. 2000); see also Coury v. Prot, 85 F.3d 244,

---

[9]Letter from Rene Sigman to Allstate Texas Lloyd's and Jeramy Butler Wiley, January 20, 2010, Exhibit D to Notice of Removal, Docket Entry No. 1.

[10]Notice of Removal, Docket Entry No. 1, ¶¶ 3-5.

-3-

248 (5th Cir. 1996) ("[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court."). Doubts about the propriety of removal are to be resolved in favor of remand. Manguno v. Prudential Prop. & Cas. Ins., 276 F.3d 720, 723 (5th Cir. 2002).

**B.   Improper Joinder**

If federal jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, an action is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b).   A case may be removed despite the presence of a resident defendant if the removing defendant shows that the resident defendant was fraudulently or improperly joined. Salazar v. Allstate Texas Lloyd's, Inc., 455 F.3d 571, 574 (5th Cir. 2006). The burden of persuasion on those who claim fraudulent joinder is a heavy one. Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003). To establish that a nondiverse defendant has been improperly joined for the purpose of defeating diversity jurisdiction the removing party must prove either that there has been actual fraud in the pleading of jurisdictional facts or that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against that party in state court. Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 1825 (2005). "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no

-4-

possibility of recovery by the plaintiff against an in-state [or nondiverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or nondiverse] defendant." Id. at 573.  All factual allegations in the state court petition are considered in the light most favorable to the plaintiff, and contested fact issues are resolved in the plaintiff's favor. Guillory v. PPG Industries, Inc., 434 F.3d 303, 308 (5th Cir. 2005).

### III.  Analysis

Harris has moved for remand, arguing first that Allstate's removal was procedurally defective because Wiley did not provide written consent to removal, and second that this court lacks diversity jurisdiction because Harris and Wiley are both citizens of Texas.  Allstate's response to both arguments is that Wiley was improperly joined, and therefore that his written consent was not required for removal and that his citizenship should be disregarded for diversity purposes.  Allstate argues that the joinder of Wiley was improper because Harris's complaint fails to offer any specific facts in support of Harris's claims against Wiley, and therefore that Harris has no reasonable possibility of recovering against Wiley.

The viability of both of Harris's arguments hinges on whether Wiley was properly joined.  The Fifth Circuit has held that the

consent of allegedly improperly joined parties is not necessary for removal. See Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir. 1993) ("In cases involving alleged improper or fraudulent joinder of parties, [requiring the written consent of] improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists."). If Wiley was improperly joined, failure to obtain his written consent is immaterial; but if he was properly joined, the action must be remanded in any event. Whether or not Wiley was properly joined is therefore the dispositive question in this action.

The parties do not dispute that the jurisdictional minimum has been met or that Wiley and Harris are both citizens of Texas. Because Allstate has not alleged that there has been fraud in the pleading of jurisdictional facts, Allstate can only establish that Wiley was improperly joined if it can prove that there is no reasonable possibility that Harris will be able to establish a cause of action against Wiley in state court. See Smallwood, 385 F.3d at 573. If Allstate fails to meet the "heavy" burden of establishing that Wiley was joined improperly, the court must remand the action. See Travis, 326 F.3d at 649.

## A.   Harris's Complaint Against Wiley

Harris's complaint brings some claims only against Allstate, some claims only against Wiley, and some claims against all

defendants.    The   factual   allegations   in   Harris's   complaint
concerning Wiley are as follows:

> 15.  Allstate assigned Jeramy Butler Wiley to adjust the
> claim.
>
> . . .
>
> 18.  Defendants Allstate and Wiley misrepresented to Plaintiff
> that the damage to the Property was not covered under the
> Policy,  even  though  the  damage  was  caused  by  a  covered
> occurrence. . . .
>
> 19.  Defendants Allstate and Wiley failed to make an attempt
> to settle Plaintiff's claim in a fair manner, although they
> were  aware  of  their  liability  to  Plaintiff  under  the
> Policy. . . .
>
> 20.  Defendants  Allstate  and  Wiley  failed  to  explain  to
> Plaintiff  the  reasons  for  their  offer  of  an  inadequate
> settlement.    Specifically,  Defendants  Allstate  and  Wiley
> failed to offer Plaintiff adequate compensation, without any
> explanation why full payment was not being made.  Furthermore,
> Defendants  Allstate  and  Wiley  did  not  communicate  that  any
> future settlements or payments would be forthcoming to pay for
> the  entire  losses  covered  under  the  Policy,  nor  did  they
> provide  any  explanation  for  the  failure  to  adequately  settle
> Plaintiff's claim. . . .
>
> 21.  Defendants Allstate and Wiley failed to affirm or deny
> coverage  of  Plaintiff's  claim  within  a  reasonable  time.
> Specifically, Plaintiff did not receive timely indication of
> acceptance or rejection, regarding the full and entire claim,
> in writing from Defendants Allstate and Wiley. . . .
>
> 22.  Defendants Allstate and Wiley refused to fully compensate
> Plaintiff  under  the  terms  of  the  Policy,  even  though
> Defendants Allstate and Wiley failed to conduct a reasonable
> investigation.    Specifically,  Defendants  Allstate  and  Wiley
> performed an outcome-oriented investigation of Plaintiff's
> claim,  which resulted in a biased, unfair and inequitable
> evaluation of Plaintiff's losses on the Property. . . .
>
> . . .
>
> 27.  Defendants Allstate and Wiley knowingly or recklessly
> made false representations, as described above, as to material

-7-

facts and/or knowingly concealed all or part of material
information from Plaintiff.

. . .

58.   . . . the damages caused by Hurricane Ike rendered
Plaintiff's residence substantially damaged.   These damages
have not been properly addressed or repaired in the months
since the storm, causing further damages to the Property and
causing undue hardship and burden to Plaintiff.   These damages
are a direct result of Defendants Allstate's and Wiley's
mishandling of Plaintiff'[s] claim in violation of the laws
set forth above.[11]

On the basis of these allegations Harris's complaint brings
claims against Wiley individually in paragraphs 30 to 36, alleging
violations of the Texas Insurance Code §§ 541.060(1), 541.060(2)A,
541.060(3), 541.060(4), 541.060(7).[12]   The complaint brings claims
against both Allstate and Wiley for common law fraud and conspiracy
to commit fraud.[13]   The complaint also brings claims against
Allstate alone for breach of contract and for breach of the duty of
good faith and fair dealing, and states claims against Allstate
under the Texas Insurance Code in terms essentially similar to the
claims brought against Wiley.[14]

**B.   The Sufficiency of Harris's Claims Against Wiley**

In order to avoid remand, Allstate must prove that there is no
reasonable possibility that Harris will be able to establish a

---

[11]Plaintiff's Original Petition, Exhibit B attached to Notice
of Removal, Docket Entry No. 1, ¶¶ 15, 18-22, 27, and 58.

[12]Id. ¶¶ 30-36.

[13]Id. ¶¶ 37-40.

[14]Id. ¶¶ 41-55.

cause of action against Wiley in state court.  See Smallwood, 385 F.3d at 573.  The parties do not dispute that Texas law recognizes a cause of action against an insurance adjuster for violations of the Texas Insurance Code and for common law fraud.  See, e.g., Liberty Mutual Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484 (Tex. 1998); Gasch v. Hartford Accident & Indemnity Co., 491 F.3d 278, 282 (5th Cir. 2007); Blanchard v. State Farm Lloyds, 206 F.Supp.2d 840, 845 (S.D. Tex. 2001) (citing Griggs v. State Farm Lloyds, 181 F.3d 694, 700 (5th Cir. 1999)).  Allstate argues that Wiley was improperly joined because Harris's complaint only recites statutory language from the Texas Insurance Code and fails to allege any facts against Wiley that could support liability for violations of the Insurance Code or common law fraud.  The court does not agree.

Harris's complaint alleges that his property was damaged, that Wiley was tasked with handling the insurance claim, and that Wiley failed to fulfill this task in the manner required by the Texas Insurance Code.  Harris alleges that Wiley mishandled the claim in several specific ways:  misrepresenting the policy coverage, failing to attempt a fair settlement, failing to explain Allstate's reasons for denying payment, etc.  Harris asserts claims against Wiley individually, in claims separate from those brought against Allstate.[15]  Harris's allegations, if proven true, would create a

---

[15]Plaintiff's Original Petition, Exhibit B attached to Notice of Removal, Docket Entry No. 1, ¶¶ 30-36.

reasonable possibility that Harris could prevail in his claims against Wiley.  Allstate has presented no evidence disproving these allegations.  Because the court must consider all allegations in the state court petition in the light most favorable to the plaintiff, see Guillory, 434 F.3d at 308, the court cannot conclude that there is no reasonable basis to predict that Harris might recover against Wiley.  Remand is therefore appropriate.

This result is consistent with recent Southern District of Texas opinions with similar facts and claims.  See Davis v. Travelers Lloyds of Texas Ins. Co., 2009 WL 3255093 (S.D. Tex. 2009); Leisure Life Senior Apartment Housing II, Ltd. v. Lloyds of London, 2009 WL 3834407 (S.D. Tex.); CD Mgmt. Corp. v. Nationwide Prop. & Cas. Ins. Co., No. H-09-1701 (S.D. Tex. 2009).  These cases each dealt with Hurricane Ike claims in which the plaintiff brought claims similar to those in the present action against an insurance company and an instate claims adjuster.  In each case the defendant failed to present evidence showing that the plaintiff had no reasonable possibility of recovering against the instate defendant, and in each case the court remanded the action to state court.

In the Hurricane Ike cases in which the Southern District of Texas has denied remand the defendants have generally provided some evidence strongly showing that recovery against the instate adjuster would be unlikely.  See Jimenez v. Travelers Indemnity Company, 2010 WL 1257802, at *4 (S.D. Tex.) (denying remand where the instate adjuster named as the defendant was not the adjuster

-10-

who had analyzed and denied the claim); <u>Lakewood Chiropractic Clinic v. Travelers Lloyds Insurance Company</u>, 2009 WL 3602043, at *4 (S.D. Tex.) (same); <u>Frisby v. Lumbermens Mutual Casualty Company</u>, 2007 WL 2300331, at *5 (S.D. Tex.) (denying remand where the defendant presented deposition testimony by the plaintiff that the instate defendant "never made any untrue statements to him, never failed to tell him an important fact, and never made a statement in a way that led him to a false conclusion"). Allstate has provided the court with no such evidence from which it could predict that Harris has no reasonable possibility of recovering against Wiley. The court concludes, therefore, that remand is appropriate.

## IV. <u>Attorney's Fees and Costs</u>

Harris seeks an award of attorney's fees and costs under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The United States Supreme Court has stated that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 126 S.Ct. 704, 711 (2005). The court cannot say that Allstate lacked an objectively reasonable basis for seeking removal. Allstate has presented the court with non-binding precedent in which district

-11-

courts facing comparable facts have denied remand. See, e.g., First Baptist Church v. Guideone Mut. Ins. Co., 2008 WL 4533729 (E.D. Tex. 2008). Although Allstate did not meet its burden in this action, it presented a reasonable argument in support of its position. Harris's request for attorney's fees is therefore denied.

## V.  Conclusion and Order

For the reason explained above, the court concludes that Allstate has failed to prove that Harris has no reasonable possibility of recovering against Wiley. Because Allstate has failed to establish that Wiley was improperly joined, the court lacks diversity jurisdiction over this action, and must therefore remand the action to state court. Plaintiff's Motion to Remand (Docket Entry No. 6) is **GRANTED**, and this action is **REMANDED** to the 11th District Court of Harris County, Texas. The clerk will provide a copy of this Memorandum Opinion and Order to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this 30th day of April, 2010.

SIM LAKE
UNITED STATES DISTRICT JUDGE